**NOT FOR PUBLICATION**                                    [Dkt. Ent. 8]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| UNTAVION DEMON WATKINS, | : | |
| | : | Civil No. 11-6677 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---

**APPEARANCES:**

      **UNTAVION DEMON WATKINS**, Petitioner pro se
      #22510-058
      F.C.I. Fort Dix
      P.O. Box 2000
      Fort Dix, New Jersey 08620

      **JOHN ANDREW RUYMANN, ESQ.**
      **OFFICE OF THE U.S. ATTORNEY**
      402 East State Street, Room 430
      Trenton, New Jersey 08608
      Counsel for Respondent

**BUMB, UNITED STATES DISTRICT JUDGE**

      Petitioner, Untavion Demon Watkins, a federal prisoner
confined at the Federal Correctional Institution in Fort Dix, New
Jersey ("FCI Fort Dix"), filed this habeas petition pursuant to
28 U.S.C. § 2241, challenging his federal sentence.  After
receiving permission from this Court to do so, the Government
filed a motion to dismiss the petition for lack of subject matter
jurisdiction.  (Docket entry no. 8).  Petitioner filed a reply or

traverse to the Government's motion on or about February 21, 2012.  (Docket entry no. 9).

For the reasons set forth below, the Court will grant the Government's motion and dismiss this habeas petition for lack of jurisdiction.

I.  <u>BACKGROUND</u>

On or about October 2, 2008, Petitioner was convicted in the United States District Court for the Western District of North Carolina, pursuant to his plea of guilty to possession with intent to distribute cocaine base and aiding and abetting same, in violation of 21 U.S.C. §§ 841(a)(1) and 851, and 18 U.S.C. § 2.  On February 26, 2009, the district court sentenced Petitioner to a prison term of 172 months with 5 years of supervised release.  (Petition at page 2; Declaration of John Andrew Ruymann ("Ruymann Decl.") at Ex. 2 - Judgment of Conviction).

Petitioner did not challenge his sentence between the time of its imposition on February 26, 2009, until he filed the instant § 2241 habeas petition on or about November 14, 2011. Petitioner admits that he did not file a direct appeal, because allegedly, on advice of counsel, he could have received a sentence of life imprisonment or mandatory minimum of 20 years imprisonment due to a sentence enhancement under 21 U.S.C. § 851. Petitioner therefore pled guilty to receive a 15 year prison

term.  Petitioner also did not file a motion to vacate or set aside his sentence under 28 U.S.C. § 2255.

On or about November 14, 2011, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, in which he challenges his sentence.  In particular, Petitioner alleges that, pursuant to a recent Supreme Court decision, Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the sentencing court erred in relying on Petitioner's 2003 North Carolina drug conviction for enhancing his federal sentence pursuant to 21 U.S.C. § 851, because that underlying drug conviction from 2003 was not a "felony drug offense," as defined in 21 U.S.C. § 802(44), since Petitioner was not imprisoned for more than one year.[1]

Petitioner further asserts that he is entitled to habeas relief under § 2241 pursuant to the "safety-valve" clause of 28 U.S.C. § 2255, where "§ 2255 proves inadequate or ineffective to test the legality of ... detention."  In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)(citing 28 U.S.C. § 2255).  Petitioner argues that "he is entitled to habeas relief [under § 2241] because he is 'actually innocent' of the crime because he was enhance [sic] under §§ 851, which was incorrect at the time of sentencing." (Petition at pg. 6).

_____

[1]  Petitioner states that his 2003 North Carolina drug conviction carried a maximum sentence of 8 months imprisonment. Petitioner was sentenced to six to eight months imprisonment suspended with 36 months supervised probation.

On February 9, 2012, the Government filed a motion to dismiss the petition for lack of subject matter jurisdiction. (Docket entry no. 8).  Petitioner filed a reply or traverse on February 21, 2012, in which he stated that "he is not Appealing sentence, but the way his sentence was conduct base on the 851 enhancement of his sentence.  His sentence was incorrect but not his guilty."  (Petitioner's Reply at pg. 2).

## II.   DISCUSSION

### A.   Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[2]  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See

---

[2]  United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions

> (c) The writ of habeas corpus shall not extend to a prisoner unless-   (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

<u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

B.  <u>Jurisdiction</u>

Here, it appears Petitioner is arguing that he is entitled to habeas relief under § 2241, because (1) he is actually innocent, and (2) the sentence enhancement was incorrect. Petitioner admits that he did not directly appeal his conviction or sentence, and it appears that he has never filed a motion to vacate or correct his sentence under § 2255.  Petitioner seems to be aware that a § 2255 motion filed at the time he brought his § 2241 petition would have been dismissed as untimely under § 2255(f).

Typically, collateral challenges to a conviction or sentence are brought before the sentencing court and not the district court where the petitioner is confined.  As noted by the United States Court of Appeals for the Third Circuit in <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir.1997), § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[3]  See also <u>Chambers v. United</u>

---

[3]  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  <u>See</u> 28 U.S.C. § 2255; <u>Davis v. United</u>

States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

    Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is

---

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

"inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review. 119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner fails to demonstrate that he had no other opportunity to seek judicial review with regard to the

claims now asserted in his petition.  At best, Petitioner's argument that he has not had the opportunity to present his arguments for relief because a § 2255 motion at this stage would untimely.  Nevertheless, the Third Circuit consistently has held that a § 2255 motion is not rendered "inadequate or ineffective" so as to allow invocation of a § 2241 habeas petition merely because the petitioner is "unable to meet the stringent gatekeeping requirements of the amended § 2255." Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 539; United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  See also United States v. McKeithan, 437 Fed. Appx. 148, 150 (3d Cir. 2011); Marmolejos v. Holder, 358 Fed. Appx. 289, 290 (3d Cir. 2009).

Moreover, to the extent Petitioner is claiming actual innocence, such claim also fails to warrant habeas relief in this instance.  First, a freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case.").  In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2

Fed. Appx. 645, at *1 (8th Cir. 2001); <u>Mansfield v. Dormire</u>, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In <u>House</u>, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue." <u>House</u>, 126 S.Ct. at 2087.  The Supreme Court did, however, provide some insight into what might be required to prove such a claim.  <u>Id</u>. (noting that "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it").  The Court recognized, as it did in <u>Herrera</u>, that the standard for any freestanding innocence claim would be "'extraordinarily high,'" <u>id</u>. (quoting <u>Herrera</u>, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim.  <u>Id</u>. at 2087 ("The sequence of the Court's decisions in <u>Herrera</u> and <u>Schlup</u>[4]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that <u>Herrera</u> requires more convincing proof of innocence than <u>Schlup</u>.").  Even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard here.  Indeed, his allegations wholly fail to support any factual innocence with respect to the crime for which he was convicted and sentenced. Petitioner does not allege that he is actually innocent of the crimes for which he was convicted, either his federal conviction

---

[4]   <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).

or the prior state court conviction on which his sentence enhancement is based.  Rather, Petitioner simply argues that his federal sentence should not have been enhanced because his earlier state drug conviction is now purportedly invalid under subsequent case law.

However, this claim that Petitioner is "innocent" of the sentence enhancement because of the intervening decisions in Carachuri-Rosendo, 1505 S.Ct. 2577 and Simmons 649 F.3d 237 is insufficient to invoke this Court's jurisdiction under § 2241. The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.  See United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012); Selby v. Scism 453 F. App'x 266 (3d Cir. 2011); Adams v. Schultz, 253 App'x 234, 2007 WL 3257244, *1 (3d Cir. 2007). Moreover, this Court notes that the Simmons case challenged a sentence enhancement on direct appeal rather than in a § 2255 motion or other collateral review.

Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  As stated above, Petitioner fails to show any intervening change in the law that renders non-criminal the counts for which he was convicted.  For the same reasons, Petitioner's arguments also fail to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather

than its gatekeeping requirements.   Therefore, this Petition must be dismissed for lack of jurisdiction.[5]   28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."   28 U.S.C. § 1631.

This Court finds that it would not be in the interests of justice to transfer this Petition to the Western District of North Carolina or the Fourth Circuit given the fact that any § 2255 motion filed, even if related back to the date of filing of this action, would be deemed untimely under § 2255(f). Accordingly, this Petition will be dismissed for lack of jurisdiction.

_____

[5] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds, because it is apparent that a motion under § 2255 would be deemed untimely, even at the time that Petitioner filed this action on or about November 14, 2011.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because this action was untimely when filed, no purpose would be served by a Miller notice.

III.   <u>CONCLUSION</u>

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of subject matter jurisdiction. An appropriate order follows.

<u>s/Renée Marie Bumb</u>
RENEE MARIE BUMB
United States District Judge

Date:  <u>September 27, 2012</u>